In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 25-1055

PAUL M. DAUGERDAS,

*Petitioner-Appellant,*

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

———————————

Appeal from the United States Tax Court.
No. 7350-20L — **Joseph Robert Goeke**, *Judge*

———————————

SUBMITTED NOVEMBER 04, 2025 — DECIDED MARCH 30, 2026

———————————

Before SCUDDER, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges*.

SCUDDER, *Circuit Judge*. This appeal presents an issue of first impression for us and indeed all circuit courts: whether the Tax Code, and specifically 26 U.S.C. § 6201(a)(4)(A), authorizes the Internal Revenue Service to assess and collect restitution following a person's conviction of a federal tax-related crime under Title 18. We hold that the answer is yes, and we reach that conclusion against a record showing that Paul

Daugerdas designed, promoted, and implemented a fraudulent tax shelter that perpetrated massive losses on the U.S. Treasury. He was then indicted and convicted in the Southern District of New York of multiple crimes, including under 18 U.S.C. § 371 for conspiring to defraud the Internal Revenue Service. The district court in Manhattan sentenced Daugerdas to 15 years' imprisonment, ordered forfeiture of $164.7 million, and required him to pay $371 million in restitution to the U.S. Treasury.

After the Second Circuit affirmed the convictions and sentence, the IRS invoked its own authority in § 6201(a)(4)(A) to impose parallel civil restitution in the same total amount of the criminal restitution obligation ($371 million) and to file a notice of federal tax lien in Cook County, Illinois, where Daugerdas resided. The Tax Court sustained these administrative actions, rejecting Daugerdas's contention that Congress has not authorized the IRS to impose a parallel restitution obligation, especially one with a different payment schedule than entered in his criminal case. Seeing no error, we affirm.

**I**

In 2013 a federal jury in Manhattan found Daugerdas guilty of one count of conspiracy to defraud the IRS (18 U.S.C. § 371), one count of mail fraud (18 U.S.C. § 1341), four counts of client tax evasion (26 U.S.C. § 7201), and one count of obstructing the internal revenue laws (26 U.S.C. § 7212(a)). His sentence brought with it an obligation to pay restitution of $371,006,397 jointly and severally with his co-conspirators for the tax losses resulting from the fraud perpetrated on the U.S. Treasury. The district court established a schedule of payments requiring Daugerdas to pay 10% of his gross monthly

income starting 30 days after his release from prison. The Second Circuit affirmed Daugerdas's convictions and sentence. See *United States v. Daugerdas*, 837 F.3d 212 (2d Cir. 2016).

Relying on its authority under 26 U.S.C. § 6201(a)(4)(A), the IRS then commenced administrative proceedings and itself assessed the full amount of the criminal restitution on Daugerdas. The result did not change Daugerdas's total restitution obligation of $371 million. But it did mean that the full amount of the restitution became immediately due and payable. The Service also filed a notice of federal tax lien (often shorthanded as an NFTL) in the same amount against Daugerdas's property. In the proceedings that followed, Daugerdas challenged the IRS's authority to assess and collect the full amount of restitution, including on such an accelerated payment schedule.

After the IRS's Office of Appeals rejected Daugerdas's position, he petitioned the Tax Court for review. He did not challenge his overarching restitution obligation or its amount—nor could he have done so in administrative proceedings before the IRS, see 26 U.S.C. § 6201(a)(4)(C). Daugerdas instead focused on the Service's authority to make the full amount of restitution immediately due and payable, an obligation that likely threatened or reinforced his swift financial ruin.

The Tax Court agreed with and entered judgment for the Commissioner, concluding that § 6201(a)(4)(A) authorized the IRS to assess restitution ordered for tax-related offenses under Title 18, including for conspiring to defraud the U.S. Treasury through the use of a fraudulent tax shelter. The Tax Court also decided that the IRS was not bound to follow the payment schedule set by the district court at sentencing.

Daugerdas then petitioned for our review.

## II

We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). The parties agree that this means we should undertake our own independent review of the authorities relied on by the Tax Court in its summary judgment order. See *Freda v. Comm'r of Internal Revenue*, 656 F.3d 570, 573 (7th Cir. 2011).

## A

In assessing whether the IRS has the authority to assess and collect restitution imposed for Title 18 offenses, we begin with the language of 26 U.S.C. § 6201(a)(4)(A):

> The Secretary [of the Treasury or his delegate] shall assess and collect the amount of restitution under an order pursuant to section 3556 of title 18, United States Code, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax.

See also *id.* § 7701(a)(11)(B) (defining "Secretary").

By its terms, the provision imposes an obligation on the Secretary of the Treasury—to assess and collect restitution ordered pursuant to § 3556 of the Federal Criminal Code. For its part, § 3556, in turn, *allows* district courts "in imposing a sentence" to impose restitution according to the Victim and Witness Protection Act, 18 U.S.C. § 3663, but *requires* district courts at sentencing to order restitution according to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A.

This case involves the mandatory restitution obligation Congress created in § 3663A. While that provision makes no reference to federal tax offenses or violations charged under Title 26, it does require district courts, as relevant here, to impose restitution for any criminal offense against property under Title 18. See 18 U.S.C. § 3663A(c)(1)(A)(ii). Daugerdas's conviction under § 371 for conspiring to defraud the IRS constituted such an offense.

On this much the parties agree. Where they disagree is over whether the assessment-triggering language within § 6201(a)(4)(A) applies in a circumstance where the underlying criminal offense creating a restitution obligation arises not under the Tax Code, but instead under Title 18. Or, to put the question in the terms Congress used in § 6201(a)(4)(A), does a criminal violation under § 371 for conspiracy to defraud the IRS authorize the Secretary of the Treasury to "assess and collect the amount of restitution under an order pursuant to [18 U.S.C. § 3556] for failure to pay any tax imposed under this title in the same manner as if such amount were such tax"?

The Tax Court answered in the affirmative and, in our view, got the analysis exactly right. The federal district court in New York, in sentencing Daugerdas, imposed $371 million of restitution pursuant to § 3556 (and, by extension, pursuant to the cross reference within § 3556 to § 3663A) for conspiring to defraud the IRS—for criminal conduct not only rooting itself in a "failure to pay" taxes imposed under Title 26 (the Internal Revenue Code), but also for a crime against property within the meaning of § 3663A(c)(1)(A)(ii). So the IRS acted within the authority Congress conferred in § 6201(a)(4)(A) of the Tax Code in administratively assessing against Daugerdas

restitution of $371 million for the tax shelters he designed and promoted to defraud the U.S. Treasury of tax revenue.

## B

Daugerdas does not dispute much of this analysis. In no way does he contest that the criminal conspiracy of which he was convicted defrauded the U.S. Treasury of tax receipts. Nor does he contest the amount of any restitution obligation—$371 million. Rather, he limits his challenge to the contention that the Secretary's authority to assess restitution must arise not from a Title 18 conviction, but instead "for failure to pay any tax imposed under this title"—in short, for and only for restitution resulting from a conviction under Title 26. Put another way, he emphasizes that his § 371 conviction falls outside the authority Congress gave the IRS in § 6201(a)(4)(A).

But that position rewrites § 6201(a)(4)(A). Daugerdas ignores that Congress conditioned the administrative assessment of restitution on whether such an obligation arose under 18 U.S.C. § 3556 "for failure to pay" taxes owed under Title 26. That is precisely the analysis the IRS undertook by assessing $371 million in restitution upon seeing that the federal criminal court imposed the same obligation for Daugerdas's engagement in a conspiracy to defraud the Treasury of at least that much tax revenue.

Even more, Daugerdas's construction of § 6201(a)(4)(A) would empty the provision of meaning. If Congress wanted to limit the provision's applicability to cases in which the defendant committed a Title 26 offense, it could have said so by altogether omitting the cross reference to § 3556. The inclusion of the cross reference matters, for it applies in a case like

this to trigger the mandatory assessment of restitution under § 3663A for tax-related Title 18 offenses against property, of which Daugerdas's § 371 conspiracy conviction qualifies.

Nor do we see any infirmity in the lien the IRS imposed on Daugerdas's property. Indeed, the New York district court's imposition of criminal restitution at sentencing acted as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c) (expressly referencing restitution assessments imposed pursuant to 18 U.S.C. § 3663A); see also *United States v. Miller*, 39 F.4th 844, 846 (7th Cir. 2022) ("Upon entry of judgment, the order for payment of restitution became a lien in favor of the government on all of [defendant's] property and rights to property.").

By extension, the IRS acted within its authority when it filed its own lien and a corresponding NFTL on Daugerdas's property. See 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."); see also *id.* § 6323(a) & (f)(1) (NFTL provisions).

In attempting to salvage his position, Daugerdas points to the Tax Court's decision in *Klein v. Commissioner of Internal Revenue*, 149 T.C. 341, 355–58 (2017), as part of contending that Congress's intent with § 6201(a)(4)(A) was limited. In *Klein*, he tells us, the Tax Court described the "modest aim" of

§ 6201(a)(4)(A) as no more than "to allow the IRS to create an account receivable against which the restitution payments can be credited." *Id.* at 357 (cleaned up). On this view, as Daugerdas would have it, the IRS entered an administrative order of restitution to keep its own internal accounting straight—to create a record that he owed $371 million in restitution so it would know the amount against which to apply installment payments.

We doubt Congress's objective was entirely clerical. Regardless, our interpretation of 26 U.S.C. § 6201(a)(4)(A) does not unsettle such a limited understanding. Assuming Congress enacted § 6201(a)(4)(A) to close an internal accounting gap, our reading of the provision would allow the IRS to close that gap in cases like this where the Service assesses restitution following a qualifying tax-related Title 18 conviction.

C

We come in closing to Daugerdas's alternative contention that, even if the IRS had authority to impose a parallel administrative restitution obligation, it lacked authority to establish a payment schedule that differed from the one the district court entered as part of his criminal sentencing. On this score, Daugerdas points to the language Congress used in § 6201(a)(4)(A) and contends that if the IRS's administrative assessment of restitution derives from "an order pursuant to section 3556 of title 18," then the criminal restitution order controls in all respects, including to define the payment schedule. The practical consequence of Daugerdas's position is clear: he wants to limit the IRS to collecting 10% of his gross monthly income—the same limit contained within his judgment of conviction.

We cannot agree. Although the district court at sentencing must order restitution equal to the value of the victim's loss, regardless of the defendant's ability to pay, 18 U.S.C. § 3664(f)(1)(A), the court also must consider the financial resources, projected earnings, and financial obligations of the defendant when deciding the schedule under which the restitution is to be paid, *id.* § 3664(f)(1)(B)(2).

But the IRS is not bound or limited by these considerations in imposing parallel restitution pursuant to § 6201(a)(4)(A). To the contrary, § 6201(a)(4)(A) expressly instructs the IRS to assess and collect the criminal restitution amount "in the same manner as if such amount were such tax." And we see nothing requiring the IRS to consider the taxpayer's ability to pay before initiating efforts (through lien and levy) to collect all or part of the restitution. Nor have we identified anything limiting the Service's authority to establish its own schedule for the collection of the restitution.

Finally, Daugerdas misses the mark in contending that our analysis offends principles of separation of powers. There is nothing unconstitutional about Congress, through provisions in both Title 18 and Title 26, enacting measures to address the assessment and collection of restitution in criminal cases involving the underpayment of federal taxes. Nor has Daugerdas pointed to any action taken by the IRS that suggests any infringement on the "judicial Power" conferred in Article III of the Constitution.

\* \* \*

For these reasons, we AFFIRM the Tax Court's entry of judgment for the Commissioner of Internal Revenue.